THE HONORABLE BARBARA J. ROTHSTEIN
NOTED FOR: JUNE 10, 2025

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| CARL JOHAN DROTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SANA BIOTECHNOLOGY, INC., STEVEN D. HARR, and NATHAN HARDY,<br><br>Defendants. | Case No. 2:25-cv-00512-BJR<br><br>**MOTION OF SHANE HONEY FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**<br><br>NOTE ON MOTION CALENDAR: TUESDAY, JUNE 10, 2025 |

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 1
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50ᵗʰ Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

Shane Honey ("Movant") respectfully moves for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):[1]

(1) appointing Movant as Lead Plaintiff for the class of all persons or entities that purchased or otherwise acquired Sana securities between March 17, 2023 and November 4, 2024, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class and Badgley Mullins Turner PLLC as liaison counsel for the Class.

This motion is based on the accompanying Memorandum of Law in support hereof, the Declaration of Duncan C. Turner  and exhibits filed therewith, the pleadings and other filings herein, and such other written and oral argument as may be permitted by the Court. For the foregoing reasons, Movant respectfully requests that the Court grant this motion.

I.      **PERTINENT BACKGROUND**

This action was commenced on March 21, 2025, against Defendants Sana Biotechnology, Inc., Steven D. Harr, and Nathan Hardy, (collectively "Defendants") for violations under the Exchange Act. *See* Compl., ECF 1. That same day, an early notice was issued pursuant to the PSLRA advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as lead plaintiff. *See* Declaration of Duncan C. Turner ("Turner Decl."), Ex. 1, filed herewith.

---

[1] Movant is aware of Your Honor's standing order requirement, at II(C), that motions shall contain a certification that the parties have met and conferred; however, because under PSLRA procedure the identity of any potential lead plaintiff movants cannot be ascertained until after their motions are filed, thereby making pre-motion conferral impracticable, Movant respectfully requests that the Court waive this requirement for the purposes of this motion.

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 2
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50ᵗʰ Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

Defendant Sana (the "Company") is a biotechnology company that develops treatment product candidates for a variety of medical fields, including oncology, diabetes, central nervous system ("CNS") disorders, and B-cell-mediated autoimmune diseases. Compl. at ¶ 2. Among its treatment candidates are products named SC291 for the treatment of, *inter alia*, B-cell malignancies; SC379 for the treatment of certain CNS disorders; and SG299, which is part of the Company's fusogen platform for *in vivo* gene delivery for the treatment of hematologic malignancies. *Id.*

The Complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements regarding, and/or failed to disclose that: (1) Sana was at significant risk of having insufficient funds to maintain its current operations and advance one or more of its product candidates; (2) SC291 in oncology, SC379, and SG299 were less promising than Defendants had led investors to believe; (3) in order to preserve cash and advance its more promising product candidates, Sana was likely to decrease funding for and/or discontinue SC291 in oncology, SC379, and SG299, as well as significantly reduce its headcount; (4) accordingly, Defendants overstated Sana's financial capacity to maintain its current operations and advance its existing product candidates; and (5) as a result, Defendants' public statements were materially false and/or misleading at all relevant times.. *Id.* at ¶ 4.

The truth began to be revealed on October 10, 2023, during after-market hours, when Sana issued a press release announcing that it "will reduce near-term spend on its fusogen platform for *in vivo* gene delivery" and instead "[i]ncreas[e its] focus on [its] *ex vivo* cell therapy platform[,]" thereby "postpon[ing] the planned SG299 IND" while "decreas[ing] its expected forward operating burn." Sana further disclosed a "29% headcount reduction" that, in tandem with the "decreased expenses related to the fusogen platform[,]" would keep its "2024 operating cash burn

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 3
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

. . . below $200 million[,]" thereby "allowing [its] current cash position to extend further into 2025." The same press release also quoted Defendant Steven D. Harr ("Harr"), Sana's President and Chief Executive Officer ("CEO"), as stating that "[w]e need to ensure that we have a financeable cost structure with . . . emerging opportunities factored in," and that "this strategic re-positioning enables us to deliver significant clinical data across multiple drug candidates with the current balance sheet." *Id.* at ¶ 5.

On this news, Sana's stock price fell $0.34 per share, or 8.95%, to close at $3.46 per share on October 11, 2023. *Id.* at ¶ 6.

Then, on November 4, 2024, during after-market hours, Sana issued a press release announcing that it "will suspend development of both SC291 in oncology and of SC379 . . . as it seeks partnerships for these programs" and instead "increase its investment in its type 1 diabetes program with the cash savings from these changes[,]" thereby "extend[ing] its expected cash runway into 2026." The same press release also quoted Defendant Harr as stating that "we need to ensure that we are directing our investments into the areas where we believe we can have the greatest impact for patients" and that "[t]his modified strategy will also help us reduce our cash burn but comes with the necessity of parting with some talented and valued colleagues." *Id.* at ¶ 7.

On this news, Sana's stock price fell $0.37 per share, or 9.84%, to close at $3.39 per share on November 5, 2024. *Id.* at ¶ 8.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's stock, Plaintiff and other Class members have suffered significant losses and damages. *Id.* at ¶ 9.

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 4
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

# ARGUMENT

## II.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of the lead plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as the lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

(aa) has either filed the complaint or made a motion in response to a notice …;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (emphasis added); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria and has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A.   Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Turner Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopt the allegations therein, and is willing to serve as representative of the class.

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 5
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

*See* Turner Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as the lead plaintiff for the class.

**B.     Movant Has the Largest Financial Interest in the Action**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff … is the person or group … that … has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases); Reinschmidt v. Zillow, Inc., 2013 WL 1092129, at *3 (W.D. Wash. Mar. 14, 2013).

Movant lost approximately $37,190 in connection with his purchases of Sana stock. *See* Turner Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's stock during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.     Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is   impracticable;

(2) there are questions of law or fact common to the class;

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 6
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50ᵗʰ Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

Movant fulfills all the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did all of the members of the class, purchased Sana stock at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 7
Case No. 2:25-cv-00512-BJR

**D.     Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interests of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class.

Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

Further, Movant Shane Honey has two decades of investing experience. A resident of Salt Lake City, Utah, he is the owner of a manufactured home business, and has earned a bachelor's degree in finance.

## III.     MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the Class's and Movant's claims, including filing this action, reviewing publicly available financial and other documents and gathering information in support of the claims against

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 8
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566
FAX 206.621.9686

Defendants. Furthermore, Rosen Law has an extensive history of bringing significant recoveries to investors and is experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Turner Decl., Ex. 4. In addition, Movant has selected Badgley Mullins Turner PLLC, a firm with years of experience serving as liaison counsel in class actions in this District, as liaison counsel. A copy of the firm's resume is attached as Ex. 5 to the Turner Declaration.

As a result of Rosen Law's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the class; (2) approving Rosen Law as Lead Counsel and Badgley Mullins Turner PLLC as liaison counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated:   May 20, 2025                          Respectfully submitted,

                                               **BADGLEY MULLINS TURNER PLLC**

                                               By:  */s/ Duncan C. Turner*
                                               Duncan C. Turner, WSBA No. 20597
                                               19910 50th Avenue W., Suite 103
                                               Lynnwood, WA 98036
                                               Tel: (206) 621-6566
                                               Email: dturner@badgleymullins.com

                                               *Liaison Counsel for Movant Shane Honey*

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 9
Case No. 2:25-cv-00512-BJR

**THE ROSEN LAW FIRM, P.A.**
Phillip Kim (pro hac vice forthcoming)
Laurence M. Rosen (pro hac vice forthcoming)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: philkim@rosenlegal.com
Email: lrosen@rosenlegal.com

***Counsel for Movant Shane Honey***

*I certify that this memorandum contains 2232 words, in compliance with the Local Civil Rules.*

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

_s/ Yonten Dorjee_
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

MOTION OF SHANE HONEY FOR
APPOINTMENT AS LEAD PLAINTIFF - 11
Case No. 2:25-cv-00512-BJR