THE HONORABLE BARBARA J. ROTHSTEIN
NOTED FOR: JUNE 10, 2025

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| CARL JOHAN DROTT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SANA BIOTECHNOLOGY, INC., STEVEN D. HARR, and NATHAN HARDY,<br><br>Defendants. | CLASS ACTION<br><br>Case No. 2:25-cv-00512-BJR<br><br>**MOTION OF JONATAN KOSKINEN FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>NOTE ON MOTION CALENDAR: TUESDAY, JUNE 10, 2025 |

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 1
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

**MOTION**

Jonatan Koskinen ("Koskinen"), by and through his undersigned counsel, hereby respectfully moves this Court pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order:

(1) appointing Koskinen as Lead Plaintiff in the above-captioned action (the "Action") on behalf of a class (the "Class") consisting of all persons and entities other than the above-captioned defendants ("Defendants") that purchased or otherwise acquired Sana Biotechnology, Inc. ("Sana" or the "Company") securities between March 17, 2023 and November 4, 2024, both dates inclusive (the "Class Period"); and

(2) approving Koskinen's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel and Badgley Mullins Turner PLLC ("Badgley Mullins") as Liaison Counsel for the Class.

In support of his motion, Koskinen submits herewith the accompanying memorandum of law, the Declaration of Jeremy A. Lieberman ("Lieberman Decl."), and all exhibits thereto.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    PRELIMINARY STATEMENT**

The complaint ("Complaint") (Dkt. No. 1) in the Action alleges that Defendants defrauded investors in violation of the Exchange Act. Sana investors, including Koskinen, incurred significant losses following the disclosures of the alleged fraud, which caused Sana's stock price to fall sharply, damaging Koskinen and other Sana investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the Action and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). In connection with his purchases of Sana common stock during the Class Period, Koskinen incurred losses of approximately $7,087. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Exhibit ("Ex.") A at \*2. Accordingly, Koskinen believes that he has the largest financial interest in the relief sought in the Action. Beyond his considerable financial interest, Koskinen also

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 2
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

meets the applicable requirements of Rule 23 because his claims are typical of those of absent Class members and because he will fairly and adequately represent the interests of the Class.

To fulfill his obligations as Lead Plaintiff and vigorously prosecute the Action on behalf of the Class, Koskinen has selected Pomerantz as Lead Counsel for the Class.  Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Koskinen has also selected Badgley Mullins, which has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal securities laws, to serve as Liaison Counsel for the Class.

Accordingly, Koskinen respectfully requests that the Court enter an order appointing Koskinen as Lead Plaintiff for the Class and approving his selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

## II.    STATEMENT OF FACTS

As alleged in the Complaint in the Action, Sana is a biotechnology company that develops *ex vivo* and *in vivo* cell engineering programs to purportedly revolutionize treatment across a broad array of therapeutic areas with unmet treatment needs, including, *inter alia*, oncology, diabetes, central nervous system ("CNS") disorders, and B-cell-mediated autoimmune diseases.  Dkt. No. 1 at 2 ¶ 2.  The Company's product candidates include, among others, SC291 for the treatment of, *inter alia*, B-cell malignancies; SC379 for the treatment of certain CNS disorders; and SG299, which is part of the Company's fusogen platform for *in vivo* gene delivery for the treatment of hematologic malignancies.  *Id.*

Despite the attendant financial burden of developing numerous product candidates for a wide array of therapeutic areas, throughout the Class Period, Defendants repeatedly touted Sana's financial wherewithal to maintain its current operations and advance its existing product candidates. *Id.* at 2 ¶ 3.  Simultaneously, Defendants consistently represented to investors that they were committed to financing and advancing SC291 (in oncology), SC379, and SG299.  *Id.*  For example, throughout the Class Period, Defendants repeatedly touted those product candidates' purportedly

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 3
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

promising preclinical and/or clinical results, upcoming data readouts, and regulatory events and timelines, including, *inter alia*, the preparation, submission, and/or approval of multiple investigational new drug applications ("INDs") with the U.S. Food and Drug Administration. *Id.* at 2-3 ¶ 3.

Throughout the Class Period, Defendants made materially false and misleading statements regarding Sana's business, operations, and prospects. *Id.* at 3 ¶ 4. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Sana was at significant risk of having insufficient funds to maintain its current operations and advance one or more of its product candidates; (ii) SC291 in oncology, SC379, and SG299 were less promising than Defendants had led investors to believe; (iii) in order to preserve cash and advance its more promising product candidates, Sana was likely to decrease funding for and/or discontinue SC291 in oncology, SC379, and SG299, as well as significantly reduce its headcount; (iv) accordingly, Defendants overstated Sana's financial capacity to maintain its current operations and advance its existing product candidates; and (v) as a result, Defendants' public statements were materially false and/or misleading at all relevant times. *Id.*

On October 10, 2023, during after-market hours, Sana issued a press release announcing that it "will reduce near-term spend on its fusogen platform for *in vivo* gene delivery" and instead "[i]ncreas[e its] focus on [its] *ex vivo* cell therapy platform[,]" thereby "postpon[ing] the planned SG299 IND" while "decreas[ing] its expected forward operating burn." *Id.* at 3 ¶ 5. Sana further disclosed a "29% headcount reduction" that, in tandem with the "decreased expenses related to the fusogen platform[,]" would keep its "2024 operating cash burn . . . below $200 million[,]" thereby "allowing [its] current cash position to extend further into 2025." *Id.* The same press release also quoted Defendant Steven D. Harr ("Harr"), Sana's President and Chief Executive Officer, as stating that "[w]e need to ensure that we have a financeable cost structure with . . . emerging opportunities factored in," and that "this strategic re-positioning enables us to deliver significant clinical data across multiple drug candidates with the current balance sheet." *Id.* at 3-4 ¶ 5.

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 4
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

On this news, Sana's stock price fell $0.34 per share, or 8.95%, to close at $3.46 per share on October 11, 2023. *Id.* at 4 ¶ 6.

Then, on November 4, 2024, during after-market hours, Sana issued a press release announcing that it "will suspend development of both SC291 in oncology and of SC379 . . . as it seeks partnerships for these programs" and instead "increase its investment in its type 1 diabetes program with the cash savings from these changes[,]" thereby "extend[ing] its expected cash runway into 2026." *Id.* at 4 ¶ 7. The same press release also quoted Defendant Harr as stating that "we need to ensure that we are directing our investments into the areas where we believe we can have the greatest impact for patients" and that "[t]his modified strategy will also help us reduce our cash burn but comes with the necessity of parting with some talented and valued colleagues." *Id.*

On this news, Sana's stock price fell $0.37 per share, or 9.84%, to close at $3.39 per share on November 5, 2024. *Id.* at 4 ¶ 8.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, the plaintiff in the Action and other Class members have suffered significant losses and damages. *Id.* at 4 ¶ 9.

## III.   ARGUMENT

### A.   KOSKINEN SHOULD BE APPOINTED LEAD PLAINTIFF

Koskinen should be appointed Lead Plaintiff because he has timely filed a motion for appointment as Lead Plaintiff, has the largest financial interest in this Action to his knowledge, and otherwise strongly satisfies the requirements of Rule 23.

The PSLRA requires the plaintiff who files an action governed by its provisions to publish a notice (the "Notice") to the class within 20 days of filing the action, informing putative class members of: (1) the pendency of the action; and (2) their right to file a motion for appointment as lead plaintiff within 60 days after publication of the Notice. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i). Additionally, the PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to the Notice and to do so by the later of (1) 90 days after the date of

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 5
Case No. 2:25-cv-00512-BJR

publication, or (2) as soon as practicable after the Court decides any pending motion to consolidate. *See id.* § 78u-4(a)(3)(B).

Pursuant to the PSLRA, the Court "shall appoint" the "most adequate plaintiff" to serve as lead plaintiff. *Id.* § 78u-4(a)(3)(B)(i). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*Id.* § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Koskinen satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### 1. Koskinen Is Willing to Serve as Class Representative

On March 21, 2025, counsel for plaintiff in the Action caused the statutorily required Notice to be published via *ACCESS Newswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, announcing that a securities class action had been filed against Sana and other defendants, and advising investors in Sana securities that they had until May 20, 2025—*i.e.*, 60 days from the date of the Notice's publication—to file a motion to be appointed as lead plaintiff. *See* Dkt. No. 12-1 at *2-3. Koskinen has filed the instant motion pursuant to the Notice, and he has attached a sworn Certification attesting that he is willing to serve as a representative for the Class, and to provide testimony at deposition and trial, if necessary. *See* Lieberman Decl., Ex. B at *2 ¶¶ 4, 8. Accordingly, Koskinen satisfies the first requirement to serve as Lead Plaintiff of the Class.

### 2. Koskinen Has the "Largest Financial Interest"

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). To the best of his knowledge, Koskinen has

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 6
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50ᵗʰ Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

the largest financial interest of any Sana investor or investor group seeking to serve as Lead Plaintiff.  Courts in the Ninth Circuit, including in this District specifically, tend to emphasize approximate loss in assessing a lead plaintiff movant's financial interest within the meaning of the PSLRA.  *See, e.g.*, *City of Pontiac Police & Fire Ret. Sys. v. ZoomInfo Techs. Inc.*, No. 3:24-CV-05739-TMC, 2024 WL 5088347, at *4 (W.D. Wash. Dec. 12, 2024); *Nicolow v. Hewlett Packard Co.*, No. 12-05980 CRB, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013).

In connection with his purchases of Sana common stock during the Class Period, Koskinen incurred losses of approximately $7,087.  *See* Lieberman Decl., Ex. A at *2.  To the extent that Koskinen possesses the largest financial interest in the outcome of this litigation, he is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

**3.    Koskinen Otherwise Satisfies Rule 23's Requirements**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure."  Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In determining whether a lead plaintiff movant satisfies Rule 23's requirements, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient.  *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060-01 (N.D. Cal. 2018).  "This showing need not be as thorough as what would be required on a class certification motion and only needs to satisfy typicality and adequacy."  *In re Solar City Corp. Sec. Litig.*, No. 16-CV-04686-LHK, 2017 WL 363274, at *5 (N.D. Cal. Jan. 25, 2017); *see also In re Coinstar Inc. Sec. Litig.*,

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 7
Case No. 2:25-cv-00512-BJR

No. C11-133 MJP, 2011 WL 13233156, at *2 (W.D. Wash. Apr. 19, 2011) ("At the lead plaintiff stage, . . . all that is required is a prima facie showing that the lead plaintiff's claims are typical and adequate."). Moreover, the Complaint in the Action sufficiently pleads Rule 23(a)(1) numerosity and Rule 23(a)(2) common questions in a manner common to all Class members, including Koskinen. *See* Dkt. No. 1 at 21 ¶¶ 83, 86.

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992))

Koskinen's claims are typical of those of the Class. Koskinen alleges, like other Class members, that Defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Sana, or by omitting to state material facts necessary to make the statements they did make not misleading. Koskinen, like other Class members, purchased Sana securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosures of those misrepresentations and/or omissions that drove Sana's share price downward. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Koskinen is an adequate representative for the Class. Here, Koskinen has submitted a sworn Certification declaring his commitment to protect the interests of the Class. *See* Lieberman Decl.,

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 8
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686

Ex. B at *2 ¶¶ 4, 8.  There is no evidence of antagonism or conflict between Koskinen's interests and those of the Class, and Koskinen's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute fraud claims on behalf of the Class.   Moreover, as set forth in greater detail below, in Pomerantz and Badgley Mullins, Koskinen has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this Action, and submits his choice of Pomerantz and Badgley Mullins to the Court for approval as Lead Counsel and Liaison Counsel, respectively, for the Class pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  In addition to Pomerantz and Badgley Mullins, Koskinen is also represented by the Bronstein, Gewirtz & Grossman, LLC law firm in this Action.

Further demonstrating his adequacy, Koskinen has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class.  *See* Lieberman Decl., Ex. C at 1-4 ¶¶ 1-7, 9-11.

### 4.    Koskinen Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Unique Defenses

The presumption favoring Koskinen's appointment as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)    will not fairly and adequately protect the interest of the class; or

(bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Koskinen's ability and desire to fairly and adequately represent the Class has been discussed above.  Koskinen is not aware of any unique defenses Defendants could raise that would render him inadequate to represent the Class.  Accordingly, Koskinen should be appointed Lead Plaintiff for the Class.

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 9
Case No. 2:25-cv-00512-BJR

**B.    LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel for the Class, subject to the approval of the Court. *See id.* § 78u-4(a)(3)(B)(v); *Osher v. Guess?, Inc.*, No. CV01-00871LGB(RNBX), 2001 WL 861694, at *4 (C.D. Cal. Apr. 26, 2001). The Court should not interfere with the Lead Plaintiff's selection unless it is necessary to do so to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Osher*, 2001 WL 861694, at *4; *see also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention." (internal quotation marks omitted)).

Here, Koskinen has selected Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class. Pomerantz is highly experienced in the areas of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in its firm resume submitted herewith. *See* Lieberman Decl., Ex. D at 1-11. In overview, Pomerantz is a premier firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, Paris, France, London, the U.K., and Tel Aviv, Israel. *See id.* at 1. For more than 85 years, Pomerantz has represented defrauded investors. *See id.* As Lead Counsel in *In re Petrobras Securities Litigation*, No. 14-cv-09662 (S.D.N.Y.), Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the largest settlement ever in a class action involving a foreign issuer and the fifth-largest class action settlement ever achieved in the United States. *See id.* at 2. Petrobras is part of a long line of record-setting recoveries led by Pomerantz, including the $225 million settlement in *In re Comverse Technology, Inc. Securities Litigation*, No. 1:06-cv-01825 (E.D.N.Y.), in June 2010. *See id.* at 2-5. More recently, as Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors, Pomerantz reached a $110 million settlement on behalf of the class. *See id.* at 2.

Additionally, proposed Liaison Counsel Badgley Mullins has significant experience in complex and class action litigation, including matters concerning claimed violations of the federal

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 10
Case No. 2:25-cv-00512-BJR

securities laws. *See id.*, Ex. E at *2-4. Badgley Mullins maintains an office in Seattle, Washington, where this Court is situated (*see id.* at *2), and the firm's attorneys have extensive familiarity with the Local Rules and practice norms of this District.

As a result of their extensive experience in litigation involving issues similar to those raised in the instant Action, Koskinen's counsel, Pomerantz and Badgley Mullins, have the skill, knowledge, expertise, and experience that will enable these firms to prosecute this Action effectively and expeditiously. Thus, the Court may be assured that by approving Koskinen's selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel, the members of the Class will receive the best legal representation available.

## IV.    CONCLUSION

For the foregoing reasons, Koskinen respectfully requests that the Court issue an Order: (1) appointing Koskinen as Lead Plaintiff for the Class; and (2) approving his selection of Pomerantz as Lead Counsel and Badgley Mullins as Liaison Counsel for the Class.

## II.    <u>CERTIFICATION OF CONFERRAL</u>

Koskinen is aware of Rule II.C. of this Court's Standing Order for All Civil Cases ("Rule II.C."), which provides, in relevant part: "Except for dispositive motions, motions shall contain a certification that the parties have met and conferred . . . . Parties must make a meaningful effort to confer prior to filing a motion. Parties should provide for at least three (3) business days between attempts to confer and a motion's filing and shall explain their specific efforts to comply if contact was not successfully made." Dkt. No. 3 at 2. Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in this Action is May 20, 2025, on which date any member of the putative Class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Koskinen will thus not know the identities of the other putative Class members who intend to file competing motions for Lead Plaintiff appointment until May 21, 2025—the day after the statutory deadline—making conferral with opposing parties and full compliance with Rule II.C. prior to the filing of Koskinen's motion papers impracticable. Under these circumstances, Koskinen respectfully requests that compliance with Rule II.C. be waived in this instance.

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 11
Case No. 2:25-cv-00512-BJR

DATED:  MAY 20, 2025                    RESPECTFULLY SUBMITTED,


                                        **BADGLEY MULLINS TURNER PLLC**

                                        By:  */s/ Duncan C. Turner*
                                        Duncan C. Turner, WSBA No. 20597
                                        19910 50th Avenue W., Suite 103
                                        Lynnwood, WA 98036
                                        Tel: (206) 621-6566
                                        Email: dturner@badgleymullins.com

                                        *Of Counsel for Movant Jonatan Koskinen and*
                                        *Proposed Liaison Counsel for the Class*

                                        **POMERANTZ LLP**
                                        Jeremy A. Lieberman
                                        (pro hac vice application forthcoming)
                                        J. Alexander Hood II
                                        (pro hac vice application forthcoming)
                                        600 Third Avenue, 20th Floor
                                        New York, New York 10016
                                        Telephone: (212) 661-1100
                                        Facsimile: (917) 463-1044
                                        jalieberman@pomlaw.com
                                        ahood@pomlaw.com

                                        *Counsel for Movant Jonatan Koskinen and*
                                        *Proposed Lead Counsel for the Class*

                                        **BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
                                        Peretz Bronstein
                                        (pro hac vice application forthcoming)
                                        60 East 42nd Street, Suite 4600
                                        New York, New York 10165
                                        Telephone: (212) 697-6484
                                        Facsimile: (212) 697-7296
                                        peretz@bgandg.com

                                        *Additional Counsel for Movant Jonatan Koskinen*

                                        *I certify that this memorandum contains 3603 words,*
                                        *in compliance with the Local Civil Rules.*

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 12
Case No. 2:25-cv-00512-BJR

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of May, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/ Yonten Dorjee
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email:  ydorjee@badgleymullins.com

MOTION OF JONATAN KOSKINEN FOR
APPOINTMENT AS LEAD PLAINTIFF - 13
Case No. 2:25-cv-00512-BJR

**BADGLEY MULLINS TURNER** PLLC
19910 50th Avenue W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566
**FAX** 206.621.9686