Hon. Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE SANA BIOTECHNOLOGY, INC. SECURITIES LITIGATION | Case No. 2:25-cv-00512-BJR<br><br>**REQUEST FOR JUDICIAL NOTICE, AND TO CONSIDER INCORPORATED DOCUMENTS, IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT** |

Under the PSLRA, courts "must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice". *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014) ("In reviewing the sufficiency of a complaint, we limit ourselves to the complaint itself and its attached exhibits, documents incorporated by reference, and matters properly subject to judicial notice") (citing *Tellabs*, 551 U.S. at 322–23); *Diaz v. N. Dynasty Minerals Ltd.*, 2019 WL 1873291, at *3 (C.D. Cal. Feb. 22, 2019) ("The Supreme Court has explicitly noted the importance of considering such materials in evaluating a securities complaint").

In support of their Motion to Dismiss the Amended Complaint for Violations of the Federal Securities Laws ("Complaint"), Defendants Sana Biotechnology, Inc., Steven D. Harr and Nathan Hardy respectfully request that the Court take judicial notice of, and/or consider as incorporated by reference, the exhibits to the Declaration of J. Wesley Earnhardt:

| Ex. | Type of Document | Title | Dated | Cited in Amended Comp. at ¶ | Page in Decl. |
|---|---|---|---|---|---|
| 1 | SEC Filing | 2023 Form 10-K | Feb. 29, 2024 | — | 1 |
| 2 | Dictionary Definition | National Institutes of Health National Cancer Institute Definition: "complete response" | — | — | 1 |
| 3 | Scholarly Article | Maria Gabelli et al., *Maintenance therapy for early loss of B-cell aplasia after anti-CD19 CAR T-cell therapy*, 8 BLOOD ADVANCES 1959 (2024) | Apr. 15, 2024 | 82 n.6 | 1 |
| 4 | Investor Conference Transcript | Jefferies Global Healthcare Conference Tr. | June 7, 2023 | 66, 129(b) | 2 |

REQ. JUD. NOT. ISO DEFS.' MOT. TO
DISMISS AMENDED COMPLIANT
(2:25-cv-00512-BJR) – Page 1

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000

| 5 | Investor Conference Transcript | Morgan Stanley Healthcare Conference Tr. | Sept. 12, 2023 | 63, 129(f) | 2 |
|---|---|---|---|---|---|
| 6 | Investor Conference Transcript | Sana R&D Day Tr. | May 23, 2023 | 65, 70, 84, 129(a) | 2 |
| 7 | SEC Filing | 2024 Form 10-K | Mar. 17, 2025 | — | 2 |
| 8 | SEC Filing | 2022 Form 10-K | Mar. 16, 2023 | — | 2 |
| 9 | Investor Conference Transcript | Wells Fargo Healthcare Conference Tr. | Sept. 5, 2024 | 120–22 | 2 |
| 10 | Dictionary Definition | National Institutes of Health National Cancer Institute Definition: "partial response" | — | — | 2 |
| 11 | Dictionary Definition | National Institutes of Health National Cancer Institute Definition: "stable disease" | — | — | 2 |
| 12 | Dictionary Definition | National Institutes of Health National Cancer Institute Definition: "progressive disease" | — | — | 2 |
| 13 | SEC Filing | 1/9/2024 Form 8-K | Jan. 9, 2024 | 74, 98, 102, 134, 141 | 2 |
| 14 | Press release | Sana Press Release | Nov. 4, 2024 | 14, 163 | 2 |
| 15 | Analyst Report | JMP Securities Report | Nov. 5, 2024 | 163 | 2 |
| 16 | Analyst Report | H.C. Wainwright Report | Nov. 5, 2024 | 163 | 2 |
| 17 | SEC Filing | 3/17/2025 Form 8-K | Mar. 17, 2025 | — | 2 |
| 18 | Scholarly Article | Xiaomeng Hu et al., *Hypoimmune CD19 CAR T cells evade* | Sept. 4, 2025 | — | 2 |

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000

| | | | | | |
|---|---|---|---|---|---|
| | | *allorejection in patients with cancer and autoimmune disease*, 32 CELL STEM CELL 1356 (2025) | | | |
| **19** | SEC Filing | 11/8/2023 Form 8-K | Nov. 8, 2023 | — | 2 |
| **20** | SEC Filing | 2/29/2024 Form 8-K | Feb. 29, 2024 | 109 | 2 |
| **21** | SEC Filing | 5/8/2024 Form 8-K | May 8, 2024 | 114 | 2 |
| **22** | SEC Filing | 8/8/2024 Form 8-K | Aug. 8, 2024 | 118 | 2 |
| **23** | SEC Filing | 11/8/2024 Form 8-K | Nov. 8, 2024 | — | 2 |

## I.   EXHIBITS 1–23 ARE SUBJECT TO JUDICIAL NOTICE

As described below, each exhibit is subject to judicial notice under Federal Rule of Evidence 201(b) and Ninth Circuit law. *See, e.g., Young v. Ault*, 2019 WL 1718676, at *2–3 (C.D. Cal. Feb. 25, 2019) (judicial notice of "SEC filings and the undisputed facts contained therein, as well as all matters of public record") (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018)).

**A.   Exhibits 1, 7–8, 13, 17 and 19–23: SEC Filings**

Exhibits 1, 7–8, 13, 17 and 19–23 are public filings with the Securities and Exchange Commission that appear on the SEC's website. The Court should take judicial notice of the undisputed adjudicative fact that statements in these documents were conveyed to the market on the respective dates. Courts in securities actions routinely take judicial notice of SEC filings. *See, e.g., Veal v. Lendingclub Corp.*, 2020 WL 3128909, at *5 (N.D. Cal. June 12, 2020) (judicial notice of 23 documents, including SEC filings); *In re YogaWorks, Inc. Sec. Litig.*, 2020 WL 2549290, at *1 n.1 (C.D. Cal. Apr. 23, 2020) (judicial notice of SEC filings); *Golub v. Gigamon Inc.*, 2019 WL 4168948, at *5–6 (N.D. Cal. Sept. 3, 2019) (judicial notice of 19 SEC filings); *Olagues v. Musk*, 2019 WL 3457831, at *3–4 (N.D. Cal. July 31, 2019) (judicial notice of five SEC filings); *In re Edward D. Jones & Co., L.P. Sec. Litig.*, 2019 WL 2994486, at *2–3 (E.D. Cal. July 9, 2019) (judicial notice of 14 "SEC filings and public comments and reports"); *In re Intel*

REQ. JUD. NOT. ISO DEFS.' MOT. TO
DISMISS AMENDED COMPLIANT
(2:25-cv-00512-BJR) – Page 3

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000

*Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) (SEC filings are "appropriate subjects of judicial notice" because "[g]iven that Tesla publicly filed these documents, their accuracy cannot reasonably be questioned") (quotation marks omitted); *Young*, 2019 WL 1718676, at *3 (judicial notice of 24 "SEC filings … as well as all matters of public record"); *In re SunPower Corp. Sec. Litig.*, 2018 WL 4904904, at *3 n.2 (N.D. Cal. Oct. 9, 2018) (judicial notice of guidance figures in SEC filing and considering incorporated by reference "several SEC filings . . . placed at issue in the complaint"); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1058–59 (N.D. Cal. 2012) ("SEC filings . . . [are] proper subjects of judicial notice") ("[C]ourts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan").

**B.      Exhibits 4–6, 9 and 14–16: Investor Conference Transcripts, a Press Release and Analyst Reports**

Exhibits 4–6, 9 and 14–16 are the transcripts of Sana's presentations to investors, a press release and market analyst reports, all of which are quoted by Plaintiffs in the Complaint. The Court should take judicial notice of the undisputed adjudicative fact that statements in these documents were conveyed to the market on the respective dates, including statements that Plaintiffs explicitly reference in their Complaint (See § II). Courts in securities actions routinely take judicial notice of press releases and the transcripts of presentations at investor conferences. *See Strezsak v. Ardelyx Inc.*, 2024 WL 1160900, at *4 (N.D. Cal. Mar. 18, 2024) ("[P]ress releases publicly available on [Defendant's] website . . . are subject to judicial notice", and "[c]ourts routinely take judicial notice of transcripts of calls with and presentations to investors in securities cases".) (collecting cases); *In re Intel Corp. Sec. Litig.*, 2025 WL 1914884, at *5 (N.D. Cal. Mar. 4, 2025) ("Court in securities actions 'routinely take judicial notice of analyst reports'".) (citation omitted); *Ardolino v. Mannkind Corp.*, 2016 WL 4505172, at *4 (C.D. Cal. Aug. 23, 2016) ("Federal courts routinely take judicial notice of press releases, news articles, SEC filings, and conference call transcripts cited in securities complaints").

REQ. JUD. NOT. ISO DEFS.' MOT. TO
DISMISS AMENDED COMPLIANT
(2:25-cv-00512-BJR) – Page 4

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000

**C.      Exhibits 3 and 18: Scholarly Articles**

Exhibits 3 and 18 are publicly available articles in scientific journals. Courts routinely take judicial notice of scholarly articles of this kind. *See Pardi v. Tricida, Inc.*, 2024 WL 1056013, at * 4 (N.D. Cal. Mar. 11, 2024) (granting defendant's request for judicial notice of "four publications from [a] scientific journal"); *In re Intel Corp. Sec. Litig.*, 2025 WL 2092044, at *4 (N.D. Cal. July 23, 2025) ("Courts in securities actions have taken judicial notice of news articles and material on public websites".) (collecting cases); *In re Tesla, Inc. Sec. Litig.*, 477 F. Supp. 3d 903, 920 (N.D. Cal. 2020) (taking judicial notice of "public documents such as news publications, SEC filings, and scholarly articles"); *Masimo Corp. v. Apple, Inc.*, 2021 WL 8892168, at *2 (C.D. Cal. Apr. 21, 2021) (taking judicial notice of exhibits "because they are articles published in publicly available scientific journals").

**D.      Exhibits 2 and 10–12: Dictionary Definitions**

Exhibits 2 and 10–12 are dictionary definitions of medical terms from the National Institutes of Health National Cancer Institute's Dictionary of Cancer Terms. "Dictionary definitions are also a proper subject for judicial notice". *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). *See also Quinn v. Dowback*, 2018 WL 3428560, at *3 (E.D. Cal. July 16, 2018) (taking judicial notice of definitions of medical terms from a medical dictionary); *Morris v. Blade*, 2021 WL 2550092, at *5 n.2 (S.D. Cal. June 22, 2021) ("'The Court may take judicial notice of medical dictionary definitions'".) (citation omitted).

**II.      EXHIBITS 3–6, 9, 13–16 and 20–22 ARE INCORPORATED BY REFERENCE**

The Court should consider Exhibits 3–6, 9, 13–16 and 20–22 for the independent reason that the Complaint incorporates them by reference. *See Knievel v. ESPN*, 393 F.3d 1068, 1076–77 (9th Cir. 2005) (court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading'"). Courts routinely consider documents incorporated by reference in securities complaints as "part of the pleading" to show in context the statements on which Plaintiffs' Complaint relies. *Ardolino*, 2016 WL 4505172, at *4; *see, e.g., In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) ("alleged false statements 'must be analyzed in context'"); *Lopes v. Fitbit, Inc.*, 2020 WL 1465932,

REQ. JUD. NOT. ISO DEFS.' MOT. TO
DISMISS AMENDED COMPLIANT
(2:25-cv-00512-BJR) – Page 5

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000

at *2 (N.D. Cal. Mar. 23, 2020) ("If a plaintiff fails to attach to the complaint the documents on which it is based, defendant may attach to a Rule 12(b)(6) motion the documents referred to in the complaint to show that they do not support plaintiff's claim") (citation omitted); *Edward D. Jones*, 2019 WL 2994486, at *3 (26 documents incorporated by reference); *Intel*, 2019 WL 1427660, at *11 (considering incorporated documents in holding that "relevant context undermines plaintiff's allegations of falsity"); *see also, e.g., In re Arrowhead Res. Corp. Sec. Litig.*, 2016 WL 6562066, at *1 (C.D. Cal. Mar. 29, 2016) (similar); *Schechter v. Smith*, 2011 WL 13174954, at *4–5 (C.D. Cal. Dec. 6, 2011) (similar).

Dated:  October 14, 2025                    CRAVATH, SWAINE & MOORE LLP


                                            /s/ J. Wesley Earnhardt
                                            Keith R. Hummel (admitted *pro hac vice*)
                                            Daniel Slifkin (admitted *pro hac vice*)
                                            J. Wesley Earnhardt (admitted *pro hac vice*)
                                            Ming-Toy Taylor (admitted *pro hac vice*)
                                            Two Manhattan West
                                            375 Ninth Avenue
                                            New York, NY 10001
                                            (212) 474-1000
                                            khummel@cravath.com
                                            dslifkin@cravath.com
                                            wearnhardt@cravath.com
                                            mtaylor@cravath.com

                                            McNAUL EBEL NAWROT & HELGREN PLLC

                                            /s/ Daniel M. Weiskopf
                                            Daniel M. Weiskopf, WSBA No. 44941
                                            600 University Street, Suite 2700
                                            Seattle, WA 98101
                                            (206)467-1816
                                            dweiskopf@mcnaul.com

                                            *Attorneys for the Defendants*

REQ. JUD. NOT. ISO DEFS.' MOT. TO
DISMISS AMENDED COMPLIANT
(2:25-cv-00512-BJR) – Page 6

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001
(212) 474-1000