Hon. Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE SANA BIOTECHNOLOGY, INC. SECURITIES LITIGATION<br>THIS DOCUMENT RELATES TO: ALL ACTIONS | Case No. 2:25-cv-00512-BJR<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS |



BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

## I. INTRODUCTION[1]

Plaintiffs intend to respond to Defendants' motion to dismiss ("Motion to Dismiss") the first amended complaint ("FAC") by filing an amended complaint. Most of the new allegations, which Plaintiffs will set out in a [Proposed] Second Amended Complaint ("PSAC") when finished, will be based on an academic article published by Sana employees that reports the results of the clinical trial, ARDENT, that is at the center of this case ("ARDENT Results Paper"). Plaintiffs were not aware of the ARDENT Results Paper when they filed the FAC; indeed, it was published two days before the FAC's due date.

Plaintiffs are completing and editing the PSAC. They need a little more time to complete the PSAC, then seek Defendants' consent to its filing and then, failing consent, move for leave to file. Plaintiffs anticipate that they will be able to file a PSAC on or before December 29, 2025.

The Ninth Circuit has held that in cases that allege securities fraud claims (like this one), "[l]eave to amend is to be granted with extreme liberality." *Osher v. JNI Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006). Plaintiffs explain herein, and will shortly explain in greater detail, how the PSAC moots Defendants' arguments that Plaintiffs have not stated a claim. In the meantime, the Court should defer ruling on Defendants' Motion to Dismiss. Failing that, it should deny Defendants' Motion to Dismiss insofar as it seeks dismissal with prejudice.

## II. BACKGROUND

This is a securities class action brought on behalf of investors in Sana Biotechnology, Inc. ¶2. The Class Period begins on January 9, 2024, with Defendants' presentation of results from the first four patients treated in ARDENT, Sana's Phase I clinical trials of its drug, SC291. ¶97. The FAC alleges that Defendants' presentation misleadingly omitted that SC291 had already failed in these first four patients. *E.g.* ¶99. The FAC does not provide individual results for these patients.

---

[1] Citations to "¶_" are to paragraphs of the First Amended Complaint For Violations of the Federal Securities Laws ("FAC"). Citations to "Horne Dec. Ex. __" are to exhibits to the Declaration of Jonathan Horne in Opposition to Motion to Dismiss, filed herewith.



BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

Defendants have moved to dismiss Plaintiffs' Amended Complaint ("Motion to Dismiss"). Dkt. # 35. Defendants' Motion to Dismiss cites an academic article, Xiaomeng Hu et al, *Hypoimmune CD19 CAR T cells evade allorejection in patients with cancer and autoimmune disease*, Cell Stem Cell 32, 1356-68 (September 4, 2025) ("ARDENT Results Paper").[2] *Id.* at 6; dkt. # 36-18. The ARDENT Results Paper's lead author is a Sana employee. It reports partial data from ARDENT, the Phase I clinical trial of SC291, Sana's lead drug. *Id.*

The ARDENT Results Paper provides detailed information concerning the ARDENT trial, including individual patient results and methods. Based on this information, and relying on ongoing consultations with their expert, Plaintiffs can allege individual results of three of the four patients Defendants reported on January 9, 2025.

On December 8, 2025, Plaintiffs told Defendants they would seek to amend the Complaint principally to include allegations from the ARDENT Results Paper. Plaintiffs proposed a briefing schedule for the filing of a Second Amended Complaint ("SAC"), and Defendants' motion to dismiss it. Defendants asked Plaintiffs for a [Proposed] Second Amended Complaint ("PSAC"); Plaintiffs explained that they had not yet drafted a PSAC. Plaintiffs also explained that they would not have enough time to (a) complete a PSAC, (b) seek Defendants' consent to its filing, and (c) obtain the Court's approval of the stipulation allowing filing, before the December 15, 2025, deadline to oppose Defendants' motion to dismiss.

Defendants declined to consent to the filing of an amended complaint because Plaintiffs had not provided a draft. Plaintiffs sought Defendants' consent to a two-week extension for Plaintiffs to complete the PSAC and solicit Defendants' consent to the filing of the PSAC. Defendants declined that request, too.

---

[2] A complete copy of the ARDENT Results Paper is attached as Exhibit 1 to the Horne Declaration.



BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

The ARDENT Results Paper was published online on August 13, 2025. The first mention of the ARDENT Results Paper that Plaintiffs have been able to find is an August 13, 2025, 2:51 PM (EST) tweet from Cell Stem Cell journal. Horne Dec. Ex. 2. Plaintiffs were not aware of the ARDENT Results Paper when they filed their Amended Complaint two days later on August 15, 2025. Plaintiffs first learned of the ARDENT Results Paper when Defendants cited it in their Motion to Dismiss filed October 4, 2025.

Plaintiffs intend to file a motion for leave to file a PSAC that, among other things, incorporates allegations from the ARDENT Results Paper ("Motion to Amend"). Plaintiffs intend to seek Defendants' consent to the filing of the PSAC. If Defendants do not consent, Plaintiffs anticipate that they will be able to file the Motion to Amend with an attached PSAC on or before December 29, 2025.

## III. LEGAL STANDARD

"In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Dismissal without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991). Further, "adherence to these principles is especially important in the context of the PSLRA," because "[t]he PSLRA requires a plaintiff to plead a complaint of securities fraud with an unprecedented degree of specificity and detail." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) Therefore, "[l]eave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by the PSLRA are so difficult to meet." *Osher v. JNI*


BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

*Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006) (reversible error to dismiss complaint with prejudice even after two opinions dismissing prior versions without explaining how *Foman* was met).

## IV. ARGUMENT

Plaintiffs oppose Defendants' motion to dismiss insofar as it requests dismissal with prejudice. Should the Court dismiss the Complaint, it would likely grant leave to amend. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (a "district court's failure to consider the relevant factors and articulate why dismissal should be with prejudice instead of without prejudice may constitute an abuse of discretion."). As Plaintiffs will explain in greater detail in their forthcoming Motion to Amend and PSAC, the ARDENT Results Paper provides specific facts that address the arguments Defendants make for dismissal of the FAC.[3]

SC291 is a cell treatment for blood cancers that supposedly works by destroying all the B cells in the patient's body. ¶9. Before the Class Period, Defendants told investors that for SC291 to succeed, SC291 cells must remain in the patient's body for three to six months, minimum. ¶83. Failing that, patients will relapse. ¶84.

SC291 destroys B cells with enough thoroughness that the mere presence of B cells is proof that the SC291 cells have disappeared. ¶82. If the B cells appear earlier than three months after the treatment, then SC291 did not last three months, and the treatment has failed. ¶¶83-84.

The FAC alleges that, on January 9, 2024, Defendants presented the results from the first four patients treated. A month later, Sana raised $190 million from selling its shares. ¶151. Without this capital raise, Sana would have run out of cash in late 2024 or early 2025. ¶148.

The FAC alleges that the January 9, 2024, results were misleading because patients had detectable levels of B cells within 2 months of treatment. For this, the FAC cites later-reported data on ARDENT patients who were treated with a higher dose coupled with Defendants'

[3] Plaintiffs anticipate that they will make other amendments to the FAC based on other developments since its filing, as well as to address certain of Defendants' other arguments.



BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

statement that the effect was "dose-dependent." ¶¶86-89. If the treatment did not work at the higher dose, then it follows that it did not work at the lower dose administered to the patients whose results Defendants reported on January 9, 2024.

The ARDENT Results Paper provides enough information to identify three of the four patients whose results Defendants reported on January 9, 2024. The ARDENT Results Paper also provides enough patient-by-patient information to show that each of these three patients had begun recovering B cells within two months of treatment. Moreover, in the ARDENT Results Paper, Defendants admit that the presence of B cells is evidence that SC291 cells have been destroyed. Thus, the ARDENT Results Paper shows that SC291 cells did not survive two months, let alone the requisite three months. Because the ARDENT Results Paper also shows that Defendants had the data showing that SC291 failed long before January 9, 2024, it establishes that Defendants made their statements with scienter. Amendment would therefore not be futile.

As Plaintiffs will show in their motion for leave to amend, none of the other *Foman* factors support denial of leave to amend. The Court did not find that there were deficiencies in the FAC or any earlier complaint, so Plaintiffs have not failed to address deficiencies by amendments previously allowed. There is no undue delay, bad faith or dilatory motive; the ARDENT Results Paper was published two days before Plaintiffs filed the FAC and Plaintiffs only learned of it through Defendants' motion to dismiss. Nor are Defendants prejudiced. Because Plaintiffs can point to specific allegations they would make in an amended complaint, the Court is unlikely to dismiss with prejudice unless it finds that these allegations are futile. Thus, Defendants will have to move to dismiss a SAC regardless.

The Court should defer decision on Defendants' Motion to Dismiss until it can decide Plaintiffs' Motion to Amend. The Motion to Amend will moot the motion to dismiss. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). If the Court wants to decide the



BADGLEY MULLINS TURNER PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
TEL 206.621.6566

Motion to Dismiss, it should grant leave to amend and instruct Plaintiffs to file a PSAC on or before December 29, 2025.

## V. CONCLUSION

The Court should defer decision on Defendants' Motion to Dismiss and, if it does consider the Motion to Dismiss, should deny dismissal with prejudice.

Dated: December 15, 2025

Respectfully submitted,

**BADGLEY MULLINS TURNER PLLC**
*s/ Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
Tel: (206) 621-6566
Email: dturner@badgleymullins.com

*Liaison Counsel for the Class*

*/s/ Jonathan Horne*
**THE ROSEN LAW FIRM**
Jonathan Horne (*pro hac vice)*
Yitzchok Fishbach (*pro hac vice forthcoming*)
275 Madison Avenue, 40th Fl.
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jhorne@rosenlegal.com
yfishbach@rosenlegal.com

*Court-appointed Lead Counsel*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484

Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional counsel for Lead Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com



**BADGLEY MULLINS TURNER** PLLC
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
**TEL** 206.621.6566