The Honorable Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| IN RE SANA BIOTECHNOLOGY, INC. SECURITIES LITIGATION | Case No.  2:25-cv-00512-BJR |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | CLASS ACTION <br><br> PLAINTIFFS' MOTION FOR LEAVE TO AMEND COMPLAINT |

MOTION FOR LEAVE TO
AMEND COMPLAINT
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566

Lead Plaintiff Shane Honey and Plaintiff Johan Drott ("Plaintiffs") respectfully move for leave to file the attached [Proposed] Second Amended Complaint ("PSAC"). This motion is based on this Notice of Motion and Motion, the memorandum of points and authorities in support, the pleadings and records on file in this action, and any other written or oral argument or other material that may be presented to the Court and that the Court may consider in deciding this motion. A redline of the PSAC against the operative First Amended Complaint ("FAC") is attached hereto as Exhibit 1, while the PSAC itself is attached as Exhibit 2.

## I.    INTRODUCTION

Plaintiffs seek to amend their Complaint to add allegations drawn from an article Sana's employees published ("ARDENT Results Paper") after Plaintiffs filed their First Amended Complaint. Plaintiffs' First Amended Complaint indirectly alleges that when Defendants made statements to investors boasting of early results of Sana's first clinical trial in four patients, ARDENT, they were aware that Sana's drug SC291 had already failed in those patients; the ARDENT Results Paper directly reports as much. Rather than waiting for the Court to adjudicate whether the FAC states a claim to allege the new facts, Plaintiffs seek to file a PSAC that incorporates the ARDENT Results Paper. "[L]eave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court should grant Plaintiffs leave to file the Second Amended Complaint.

Plaintiffs conferred with Defendants to seek their consent to the filing of the Second Amended Complaint, providing them a copy of the PSAC and a redline against the FAC. Defendants stated that they do not consent to the filing of the Second Amended Complaint and that they reserve their right to oppose this Motion.

MOTION FOR LEAVE TO
AMEND COMPLAINT - 1
Case No. 2:25-CV-00512-BJR

## II.     BACKGROUND

This is a federal securities class action. The Court appointed Mr. Honey as Lead Plaintiff for the putative class on June 2, 2025. (Dkt. No. 24). Plaintiffs filed the FAC on August 15, 2025. Dkt. No. 34. The FAC alleges, among other things, that Defendants concealed poor performance its drug candidate SC291's poor clinical trial results, thereby artificially inflating Sana's stock price.

Defendants filed a motion to dismiss the FAC on October 14, 2025. Dkt. No. 35. In their motion, Defendants sought judicial notice of a brief excerpt from an article that Sana employees had published on September 4, 2025. Xiaomeng Hu et al, *Hypoimmune CD19 CAR T cells evade allorejection in patients with cancer and autoimmune disease*, Cell Stem Cell 32, 1356-68 (September 4, 2025) ("ARDENT Results Paper").[1]

In the course of drafting their opposition to Defendants' motion to dismiss, Plaintiffs decided to amend their complaint to raise allegations drawn from the ARDENT Results Paper. Plaintiffs filed their response to the Motion to Dismiss the FAC on December 15, 2025, opposing dismissal with prejudice and noting that they intend to seek consent from Defendants - or if necessary, leave of Court - to file a Second Amended Complaint. Dkt. No. 39.

## III.     THE PROPOSED AMENDMENT

SC291 is an early-stage allogeneic treatment, meaning that it is based on donor cells rather than the patient's own. During the Class Period, Sana was conducting a clinical trial of SC291 to treat B-cell cancers.  Like most immune-oncology treatments for B-cell cancers, SC291 works by destroying all the patient's B-cells. Thus, the existence or absence of B-cells in the patients is a

---

[1] The ARDENT Results Paper appears to have been published online mid-day on August 13, 2025. Sana did not report the publication until September and Plaintiffs were not aware of the article when they filed their FAC a day and a half later on August 15.

MOTION FOR LEAVE TO
AMEND COMPLAINT - 2
Case No. 2:25-CV-00512-BJR

proxy for the persistence of SC291 cells. FAC at ¶84. Defendants acknowledged that that B-cell targeting CAR T-cells like SC291 must last at least three to six months in the body to prevent an all-but-inevitable quick relapse. FAC at ¶86. If Sana finds B-cells in the patient's blood within three months of treatment, then SC291 cells have disappeared, and SC291 is not an effective treatment. FAC ¶¶82-84.

On January 9, 2024, Defendants reported the first four patients' results from Sana's first clinical trial, ARDENT. Defendants reported at that time that the trial showed efficacy and that SC291 evaded the immune system. FAC ¶¶74-79. The FAC alleged that Defendants' post-Class Period disclosure that the effect of Sana was dose dependent and that SC291 had not lasted three months at the higher dose supported an inference that the first four patients, who had received lower doses, had already lost their SC291 cells by the time of the January 9, 2024 presentation. FAC ¶¶85-89.

In support of their Motion to Dismiss, Defendants sought judicial notice of a short excerpt of the ARDENT Results Paper. Dkt. No. 36-18. Upon closely reviewing the full ARDENT Results Paper, Plaintiffs discovered that it provided enough information to identify three of the four patients whose results Defendants reported on January 9. PSAC ¶¶90-97. The ARDENT Results Paper provided results for the Plaintiffs, which showed that they had lost SC291 cells within two months of treatment, before January 9. *Id.* The ARDENT Results Paper also showed that Sana regularly tested the patients' blood for B-cells using the same tests it used to examine cancer progression. PSAC ¶¶143-45. Finally, the ARDENT Results Paper showed that Defendants had these results in hand when they made their statements on January 9. PSAC ¶¶90-97.

MOTION FOR LEAVE TO
AMEND COMPLAINT - 3
Case No. 2:25-CV-00512-BJR

The ARDENT Results Paper directly reports what the FAC infers. The Court should grant leave to file the PSAC.

**IV.    STANDARD**

Leave to amend a complaint is governed by Fed.R.Civ.P. 15(a), which provides that "leave shall be freely given when justice so requires." "In the absence of any apparent or declared reason—such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, etc.—the leave sought should, as the rules require, be freely given." *Foman*, 371 U.S. 182. "Leave to amend is to be granted with extreme liberality in securities fraud cases, because the heightened pleading requirements imposed by the PSLRA are so difficult to meet." *Osher v. JNI Corp.*, 183 F. App'x 604, 605 (9th Cir. 2006).

**V.    ARGUMENT**

Here, all five of the *Forman* factors - (1) bad faith; (2) undue delay; (3) prejudice to the opposing party (4) futility of amendment; and (5) whether the plaintiff previously amended his complaint - weigh in favor of granting Plaintiffs leave to amend. *See* 371 U.S. 178, 182 (1962).

*1.  Defendants will not be prejudiced by the amendment*

Undue prejudice to the opposing party is the "touchstone of the inquiry" and "carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). At this early stage of the litigation, Defendants will not be unduly prejudiced by Plaintiffs' amendment of the complaint. Courts in the Ninth Circuit have found "undue prejudice" where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Here, the hour

MOTION FOR LEAVE TO
AMEND COMPLAINT - 4
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566

is early, not late. Defendants' motion to dismiss is not even fully briefed; the Court has not issued an opinion on whether the FAC states a claim; and no discovery has taken place.

Nor does the amendment "greatly alter[] the nature of the litigation." Instead, the PSAC alleges the same general theories against the same parties, only clarifying and enhancing the underlying factual allegations. *Id.* Defendants will not be required to make a substantial shift in their course of defense, as the PSAC alleges the same parties and causes of action as the FAC.

Moreover, it was Defendants who sought to selectively introduce the ARDENT Results Paper into this litigation. They can hardly complain that Plaintiffs ask the Court to consider it in full—properly, through alleging its contents in the PSAC, rather than as an exhibit to a motion to dismiss.

### 2. There is no undue delay

While "delay alone is not sufficient to justify the denial of a motion requesting leave to amend," there has been no significant delay. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Indeed, amendment at this stage will likely accelerate rather than delay the disposition of this matter. Were the Court to dismiss the FAC, it would likely grant leave to amend. *Osher*, 183 F. App'x at 605. If the Court grants leave to amend, Plaintiffs would, among other things, allege the contents of the ARDENT Results Paper. Allowing the filing of the PSAC now saves the Court's time and makes at least one amendment unnecessary. Nor have Plaintiffs caused any delays. Upon determining that they would amend the FAC, Plaintiffs promptly conferred with Defendants, and then at Defendants' request described the nature of the amendment, and provided a near final draft and then provided a final draft as soon as possible. Plaintiffs then promptly filed this motion. Plaintiffs have not engaged in any dilatory tactics.

MOTION FOR LEAVE TO
AMEND COMPLAINT - 5
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566

### 3. *There is no bad faith*

"A motion to amend is made in bad faith where there is evidence in the record which would indicate a wrongful motive on the part of the litigant requesting leave to amend." *Smallwood v. Dep't of Veterans Affs.*, 2025 WL 2345875, at *2 (E.D. Cal. Aug. 13, 2025) (internal citations and quotations omitted); *see also Wizards of the Coast LLC v. Cryptozoic Ent. LLC,* 309 F.R.D. 645, 651 (W.D. Wash. 2015) ("In the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay, or disrupt."). In evaluating bad faith, the Court "must indulge all inferences in favor of allowing amendment and must therefore impute benign motives to [Plaintiffs] where, as here, it is plausible to do so." *Wizards*, 309 F.R.D. at 651. With that in mind, no such evidence is in the record here.

As laid out in Plaintiffs' Opposition to Motion to Dismiss and section III *supra,* Plaintiffs seek to amend the complaint to incorporate the ARDENT Results Paper. Dkt. No. 39. The FAC was due on August 15, 2025. The ARDENT Results Paper was published in a September 2025 issue of a scientific journal. And while it was published online mid-day on August 13, 2025, Sana did not draw attention to it until September. When they filed the FAC, Plaintiffs were not aware of the paper's existence—reasonably, because it had only been published online a day and a half before the filing and Defendants had not drawn attention to it. Plaintiffs have conferred with Defendants at every step in the process and have explained to Defendants why this amendment is necessary. There is no evidence that Plaintiffs have acted in bad faith. Just the opposite: the record shows that Plaintiffs are "endeavoring in good faith to meet the heightened pleading requirements governing the PSLRA." *Eminence*, 316 F.3d at 1053.

MOTION FOR LEAVE TO
AMEND COMPLAINT - 6
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566

**4. Amendment is not futile**

"Amendment is futile only if no set of facts can be proven under the amendment that would constitute a valid and sufficient claim." *Am. Overseas Project Mgmt. LLC v. Washington State Dep't of Child. Youth & Fams.*, 2025 WL 1898916, at *1 (W.D. Wash. July 9, 2025) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000)). Here, amendment would not be futile because the ARDENT Results Paper provides specific information, available to Defendants at the Class Period's start, which Defendants had earlier claimed they would review, that materially contradicts Defendants' statements. Thus, with the ARDENT Results Paper, the PSAC establishes that Defendants made false statements with scienter. Amendment would not be futile.

In any case, "[d]enial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). Defendants will undoubtedly move to dismiss the PSAC. The Court should grant leave to amend and then decide whether the PSAC states the claim on a fuller record.

**5. Plaintiffs have only amended their complaint once**

The FAC is only the second complaint filed in this case. Moreover, this is Plaintiffs' first complaint; the first complaint was filed by another shareholder. Nor have Plaintiffs failed to correct deficiencies by amendments previously allowed because the Court has not even determined whether the FAC is deficient. *See e.g. McCart-Pollak v. On Demand Direct Response LLC,* 2023 WL 1879683 (D. Nev. Feb. 9, 2023), reconsideration denied, 2023 WL 7683317 (D. Nev. Apr. 20, 2023).

Regardless, in the Ninth Circuit, "case law simply does not support the Defendants suggestion that, under the PSLRA, plaintiffs have only a single 'bite at the apple.'" *Carol Gamble*

MOTION FOR LEAVE TO
AMEND COMPLAINT - 7
Case No. 2:25-CV-00512-BJR

*Tr. 86 v. E-Rex, Inc.*, 84 F. App'x 975, 979 (9th Cir. 2004) (internal citation omitted). Plaintiffs should therefore be afforded the opportunity to amend their complaint, to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Chudacoff v. Univ. Med. Center of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011).

## VI.    CONCLUSION

For the reasons stated above, the Court should grant Plaintiffs' motion to file the PSAC.

Dated:  December 29, 2025                    Respectfully submitted,

**BADGLEY MULLINS TURNER PLLC**
s/ *Duncan C. Turner*
Duncan C. Turner, WSBA No. 20597
19910 50th Ave. W., Suite 103
Lynnwood, WA 98036
Tel: (206) 621-6566
Email: dturner@badgleymullins.com

*Liaison Counsel for the Class*

*/s/ Jonathan Horne*
**THE ROSEN LAW FIRM**
Jonathan Horne (*pro hac vice)*
Yitzchok Fishbach (*pro hac vice pending*)
275 Madison Avenue, 40th Fl.
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jhorne@rosenlegal.com
yfishbach@rosenlegal.com

*Court-appointed Lead Counsel*

**BRONSTEIN, GEWIRTZ & GROSSMAN, LLC**
Peretz Bronstein
60 East 42nd Street, Suite 4600

MOTION FOR LEAVE TO
AMEND COMPLAINT - 8
Case No. 2:25-CV-00512-BJR

New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Additional counsel for Lead Plaintiffs*

MOTION FOR LEAVE TO
AMEND COMPLAINT - 9
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of December, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
**BADGLEY MULLINS TURNER PLLC**
Email: ydorjee@badgleymullins.com

MOTION FOR LEAVE TO
AMEND COMPLAINT - 10
Case No. 2:25-CV-00512-BJR

**BADGLEY MULLINS TURNER PLLC**
19910 50TH AVE. W., SUITE 103
LYNNWOOD, WA 98036
TEL: (206) 621-6566