Hon. Barbara J. Rothstein

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

|  |  |
|---|---|
| IN RE SANA BIOTECHNOLOGY, INC. SECURITIES LITIGATION | Case No. 2:25-cv-00512-BJR<br><br>**OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>[Proposed Order Lodged Concurrently] |

On October 14, 2025, Defendants filed a motion to dismiss that demonstrated that Plaintiffs' First Amended Complaint (Dkt. 34 ("FAC")) fails to state a claim for several reasons, including a failure properly to plead an actionable misrepresentation.  As set forth in that motion (Dkt. 35 ("MTD")), Plaintiffs' claims fail because they do not identify any false or misleading statements or deceitful acts by Sana in connection with its oncology clinical trial, ARDENT.  Recognizing the strength of Defendants' MTD[1], Plaintiffs seek to amend their complaint to add allegedly new facts (and purported expert opinions) rather than substantively oppose the MTD.  However, Plaintiffs' Proposed Second Amended Complaint (Dkt. 41, Ex. 2 ("PSAC")) does not cure the fatal flaws of the FAC.

Plaintiffs amend their PSAC to cite an article analyzing additional results from Sana's ARDENT trial (Ex. 1 ("Article"); also cited at Dkt. 36, Ex. 18)—an article first cited by Defendants in support of their MTD, and which was available publicly before the filing of the FAC.  This is an act of desperation.  The Article, a peer-reviewed publication co-authored by Sana employees of varying levels of seniority, concludes that Sana's HIP (hypoimmune platform) technology works[2] and is consistent with the early results that Defendants released about clinical outcomes.

It is well established that "futility alone can justify a court's refusal to grant leave to amend".  *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015).  Defendants will not republish here their MTD arguments, but a post-class period Article cited by Defendants in their own motion to dismiss, that is consistent with Defendants' prior statements, and confirms that Defendants have not retracted nor changed position on the statements Plaintiffs allege were misleading, cannot save Plaintiffs' deficient pleading.  As set forth below, the PSAC is therefore

---

[1] The Local Rules provide that "if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit".  LCR 7(b)(2).

[2] As explained in the MTD, the Article confirms that Sana still interpreted the data as "support[ing] the reliability of the HIP concept to evade allogeneic cellular immunity".  (MTD at 6; Ex. 1 at 1363.)  Sana continues to advance a clinical therapeutic program that relies on the same proprietary HIP technology that was demonstrated effective in ARDENT.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 1

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001     (212) 474-1000

futile as to each basis for dismissal in the MTD.

*First*, the Article cannot rehabilitate Plaintiffs' falsity arguments because it does not show any statement by the Defendants to be false. On January 9, 2024, at the start of the putative class period, Sana disclosed (i) initial data for four patients from its ARDENT trial showing promising but mixed clinical responses, (ii) data showing that Patient 4 demonstrated B-cell depletion, an indicia of functioning SC291, as of Day 28 and (iii) Defendants' interpretation that ARDENT was promising and demonstrated that its HIP technology worked. The data in the Article, which are also preliminary and qualified, are ***consistent*** with the January 9 results and Sana's interpretations. And in the PSAC Plaintiffs continue to admit that the ARDENT results "did not completely rule out the possibility that SC291 might work at higher doses". (PSAC ¶ 103; FAC ¶ 93 (similar).)

*Second*, nothing in the Article or any proposed change to the complaint demonstrates deceptive conduct that could plead scheme liability.

*Third*, Plaintiffs do not even argue that the amendment could cure the deficiencies in its loss causation pleadings. Nor could they. The Article was posted on the internet on August 13, 2025, months after Plaintiffs' purported corrective disclosures.

*Fourth*, Plaintiffs offer no new allegations that suggest that Defendants had the required deceitful state of mind. To the contrary, the Article shows that Sana continues to stand behind its earlier positive appraisal of ARDENT, notwithstanding its suspension of the trial. That tends to decrease, not increase, an inference of scienter.

Finally, because Plaintiffs offer no new allegations that save their § 10(b) claim, their proposed amendment necessarily fails to save their control person claim under § 20(a) as well.

## I.    BACKGROUND

On August 15, 2025, Plaintiffs filed the FAC. On October 9, 2025, nearly eight weeks after the Article became public, the parties met and conferred regarding Defendants' forthcoming motion to dismiss. Plaintiffs decided to stand on their FAC, and Defendants filed the Motion to Dismiss on October 14, 2025.

Defendants moved to dismiss the FAC for the independent reasons that Plaintiffs:

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 2

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

(i) identified no incorrectly reported data or results (MTD at 7); (ii) failed to allege any well-pleaded facts about when Sana possessed, analyzed, and reached conclusions about ARDENT data—much less that Sana's heavily caveated interpretation of that data was without a valid basis (MTD at 7-11); (iii) identified no conduct by any Defendant that could meet the pleading standard for a scheme (MTD at 11-12); (iv) identified no corrective disclosure to establish loss causation (MTD at 12-14); (v) having alleged only a generic profit motive, fell far short of the necessary strong inference of scienter (MTD at 14-15); and (vi) failed to plead a predicate violation for their control person claim (MTD at 15).

On December 15, 2025, Plaintiffs filed an opposition to the MTD that did not respond to any of Defendants' substantive arguments and opposed the MTD only "insofar as it requests dismissal with prejudice". (Dkt. 39 (Opp. to Motion to Dismiss, hereafter "Opp.") at 4.)

On December 29, 2025, 138 days after the Article became available, 81 days after the Parties' pre-motion meet-and-confer and 76 days after the filing of the MTD, Plaintiffs moved for leave to amend the complaint. (Dkt. 41 (Plaintiffs' Motion for Leave to Amend, hereafter "Motion" or "Mot.").) In the Motion, Plaintiffs cite the Article as the sole basis for leave to amend.[3]

The Article discusses preliminary findings based on immune response data from thirteen ARDENT patients and one patient from a separate Sana trial known as GLEAM, with a data cutoff date of September 19, 2024. (Ex. 1 at 1357.) In line with Sana's statements throughout the putative class period, the Article expressly caveats that it is not reporting "primary efficacy outcome measures" and that "no conclusions about durability can be made", including because "many [patients] in the high-dose level have a shorter follow-up" and less data available. (Ex. 1 at 1365.) The Article states that, for all of the patient data Sana analyzed, the HIP-modified SC291 CAR T cells were "fully immune evasive in all patients, irrespective of their diagnosis or CAR T cell

---

[3] The PSAC makes other immaterial changes to the FAC. Plaintiffs do not argue that these are a basis for amendment.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 3

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

dose". (Ex. 1 at 1357-58.) It further concludes, consistent with Sana's statements during the putative class period, that the data "strongly support[] the reliability of the HIP immune evasion concept". (Ex. 1 at 1365.)

Addressing other patient outcomes, the Article states that "one out of three patients in the low-dose group maintained complete B cell depletion in peripheral blood at day 60", while "two of three patients in the 120 M group, and all four patients in the 200 M group" did so. (Ex. 1 at 1361.) That is **consistent with** Defendants' disclosures on January 9, 2024, that: (i) shared promising but mixed clinical results for Patients 1-4; (ii) showed that Patient 4, who had been administered 120 M of SC291, showed B-cell depletion as of Day 28; and (iii) interpreted ARDENT's results as promising for SC291 and HIP. (*See* Ex. 2 (1/9/2024 Form 8-K ("8-K")) at 22); PSAC ¶ 84; also cited at Dkt. 36, Ex. 13 at 22; MTD at 3-4.) Plaintiffs concede that the results as of January 9, 2024 and as presented in the Article, did not "rule out the possibility that SC291 might work at higher doses". (PSAC ¶ 103.)

The Article, which is consistent with Defendants' statements and is heavily caveated, therefore provides nothing to save Plaintiffs' FAC from dismissal through amendment. Plaintiffs' belated request is, as set forth below, futile and should be denied.

## II.     ARGUMENT

The general rule in favor of amendment "does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal". *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations removed).[4] Indeed, "[f]utility alone can justify a court's refusal to grant leave to amend". *Maciora v. PMB Helin Donovan LLP*, No. C16-295-RSM, 2016 WL 3916992, at *6-9 (W.D. Wash. July 20, 2016) (citing *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (denying motion for leave to amend for a second time a complaint alleging securities fraud "brought in the shadow of

---

[4] For the avoidance of doubt, Defendants argue neither prejudice from an amendment, nor bad faith on the part of Plaintiffs.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 4

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001     (212) 474-1000

the Motion to Dismiss" based only on futility); *see also In re Fritz Companies Sec. Litig.*, 282 F. Supp. 2d 1105, 1114 (N.D. Cal. 2003) (denying leave to amend complaint because proposed amendment failed to adequately plead securities fraud, which "alone provides sufficient grounds for denial of leave to amend"); *Lory v. Ryan*, No. CV07-2174-PHX-NVW, 2008 WL 4630306, at *4 (D. Ariz. Oct. 20, 2008) (denying leave to amend complaint as futile when the "problem with the complaint is not a technical deficiency that can be corrected; the problem is that the facts alleged simply do not add up to securities fraud"); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 540-41 (9th Cir. 1989) (holding that the district court did not err in denying leave to amend to add securities fraud claims to a complaint when "these claims were not pleaded with sufficient specificity and were subject to dismissal").[5]  Here, the proposed amendment is futile.  Even with the Article, the complaint still fails sufficiently to plead falsity, scheme, loss causation, scienter or control person liability.  Plaintiffs' Motion for a futile amendment should therefore be denied.

**A. Amendment Is Futile To Cure Plaintiffs' Deficient Falsity Allegations**

As set forth in Defendants' MTD, the FAC fails to plead any false or misleading statement by Defendants.  (MTD at 6-11.)  Plaintiffs do not allege "that any responses, blood test or other data were inaccurately reported"—and "[a]ccurately reporting and describing data is not fraud".  (MTD at 7 (citing *In re VeriFone Sec. Litig.*, 11 F.3d 865, 870 (9th Cir. 1993)).)  Nor do Plaintiffs identify any statement that "affirmatively create[s] an impression of a state of affairs that differs in a material way from the one that actually exists".  (MTD at 7 (citing *Brody v. Trans. Hosps. Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002)).)  No reasonable investor would be misled by

[5] Plaintiffs' reliance on *Osher v. JNI Corp.*, 183 F. App'x 604 (9th Cir. 2006) is misplaced.  (Mot. at 4.)  There, the Ninth Circuit remanded to a district court a denial of leave to amend where the district court did not "discuss any of the *Foman* factors" at all.  183 F. App'x at 605.  It affirmed that leave to amend can be denied, if, as here, "the complaint could not be saved by amendment".  *Id.* (citation omitted).  Plaintiffs' likewise err in relying on *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534 (N.D. Cal. 2003).  (Mot. at 7.)  In that case, the proposed amendment added never before pleaded claims, *id.* at 535-37, not futile new factual allegations, as in the PSAC.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 5

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

Defendants' preliminary views that the ARDENT results were "promising", showed the viability of Sana's immune evasion technology, showed "deep B cell depletion" or were what Defendants "hoped [they] would see", including because these statements were heavily caveated based on the phase of the clinical trial and resulting limited information and were otherwise inactionable as opinions and/or statements of optimism.  (MTD at 3, 4, 8, 10-11.)  As explained in Defendants' motion, courts routinely dismiss complaints of this sort, which, at bottom, express disagreement with a company's interpretation of an ongoing study, not fraud.  (MTD at 8-10 (citing *In Re Sorrento Therapeutics, Inc. Sec. Litig.*, 97 F.4th 634 (9th Cir. 2024) and *Dresner v. Silverback Therapeutics, Inc.*, No. C21-1499 MJP, 2023 WL 2913755 (W.D. Wash. Apr. 12, 2023)).)

Nothing in the PSAC changes this inquiry.  On January 9, 2024, Defendants made statements based on then-available data that the immune evasion aspect of SC291 works.  (*See, e.g.*, PSAC ¶ 86; Ex. 2 at 14-19.)  The Article, on its face, confirms the accuracy of that earlier disclosure, stating that "immune data show[ed] that the HIP fraction of SC291 was fully immune evasive in ***all patients***, irrespective of their diagnosis or CAR T cell dose".  (Ex. 1 at 1357-58.)  This is why ***Defendants*** cited the Article in their MTD.

Regarding other patient outcomes, Defendants' disclosures on January 9 are not shown false or misleading by the Article or the PSAC.  On January 9, Defendants disclosed available data for Patients 1-4 indicating whether each patient's cancer was in remission, stable or progressing.  (FAC ¶ 74; PSAC ¶¶ 81-83; Ex. 2 at 12.)  The PSAC still does not challenge the accuracy of these data.  Defendants disclosed that Patient 4 showed B-cell depletion as of 28 days.  (Ex. 2 at 22.)  That too is consistent with Plaintiffs' purported deduction that Patient 4 could have maintained B-cell depletion at 60 days.  (PSAC ¶¶ 96-97; 178 (alleging that "[o]ne of 3 patients in the 120 million dose group", which included Patient 4 "had B-cells at two months".).)  Defendants said that they viewed ARDENT as promising.  (PSAC ¶¶ 111, 113, 115.)  The PSAC confirms that "Sana had a reason to continue with the SC291 oncology trial . . . because the drug might be effective at a higher dose".  (PSAC ¶ 104.)  Although Plaintiffs argue that the Article reveals a "material contradiction" with Defendants' earlier statements (Mot. at 7), they do not plausibly plead one.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 6

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001      (212) 474-1000

Plaintiffs do allege, through their purported expert, that Sana measured the persistence of SC291 by a "more sensitive" test for SC291-specific antibodies (the presence of which indicates the absence of functioning SC291). (PSAC ¶¶ 92-93.) Plaintiffs nakedly assert that, by January 9, 2024, Defendants must have had adverse antibody data about some of its patients, including Patient 2, whose cancer had been in remission for three months. (PSAC ¶ 114.) As Defendants argued in the motion to dismiss, Plaintiffs' generic allegation that the antibody tests provide "an earlier signal" indicating likely patient relapse is insufficient to allege that, as of January 9, 2024, or any other date, Sana had data that contradicted its disclosures. (MTD at 9 (citing *Silverback Therapeutics*, 2023 WL 2913755, at \*10).) And, even assuming Defendants had such data, Plaintiffs fail to plausibly plead how—in the context of an early-stage dose-escalation clinical trial, Sana's disclosures of accurate data and provisional interpretations thereof (MTD at 3-4, 7), and Plaintiffs' own admission that the January 9, 2024, results did not foreclose the possibility that SC291 could ultimately be effective (PSAC ¶¶ 103-104)—any of Defendants' statements could be misleading by omission. *In re Rigel Pharms., Inc. Sec. Litig.*, 697 F.3d 869, 880 (9th Cir. 2012) (rejecting arguments that defendants "should have reported more information" because "even if some investors might have wanted more extensive information . . . that would not be sufficient to make the alleged original statements false or misleading"); *Sorrento Therapeutics*, 97 F.4th at 641 (affirming lack of misleading statement because where "[a] fair reading" of the disclosures "reveals that there was no promise of an immediate 100% cure" and the trial was at an early stage, a "reasonable person" would not interpret defendants to be representing that the drug, "without further testing, was an immediate cure".).

To allege falsity in a case such as this, Plaintiffs "must set forth facts explaining why the difference between two statements is not merely the difference between two permissible judgments, but rather the result of a falsehood". *Silverback Therapeutics, Inc.*, 2023 WL 2913755, at \*12. For just that reason, courts routinely dismiss claims based on positive interpretations of early-stage clinical trials. (*See* MTD at 8-10 (citing *Sorrento Therapeutics*, 97 F.4th 634; *Silverback Therapeutics*, 2023 WL 2913755 and collecting cases).) Here, Plaintiffs admit in the

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 7

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

PSAC, as they did in the FAC, that the early ARDENT results "did not completely rule out the possibility that SC291 might work at higher doses". (PSAC ¶ 103; FAC ¶ 93 (similar).)  The suggestion that Defendants were compelled to rule SC291 a failure on January 9, 2024, with four patients' worth of data, is simply wrong, and, importantly, the Article on its face contradicts that position.  Amending based on the Article, which corroborates Defendants' earlier statements, is futile as to falsity.

**B.  The Requested Amendment Is Futile To Cure Plaintiffs' Deficient Scheme Allegations**

As explained in Defendants' MTD, Plaintiffs' scheme claim fails for its lack of any deceptive conduct other than the non-actionable alleged misstatements.  (MTD at 11-12 (citing *In re AGS, Inc.*, *Sec. Litig.*, No. 220-CV-1209-JCMNJK, 2024 WL 581124, at *4 (D. Nev. Feb. 12, 2024) (dismissing scheme claim where not "independent of [plaintiffs' unsuccessful] misrepresentation claim")).)  Plaintiffs have not added any allegations to the PSAC that could address this deficiency and do not argue otherwise.  Therefore, the PSAC amendment is futile as to the scheme claim as well.

**C.  The Requested Amendment Is Futile To Cure Plaintiffs' Deficient Loss Causation Allegations**

As set forth in Defendants' MTD, Plaintiffs' loss causation theory fails for a lack of corrective information on either May 8, 2024, or November 4, 2024.  (MTD at 13.)  "A corrective disclosure . . . must by definition reveal new information to the market" via "new facts that, taken as true, render some aspect of the defendant's prior statements false and misleading".  (MTD at 12-13 (citing *In re BofI Holding, Inc. Sec. Litig.*, 977 F.3d 781, 794, 790 (9th Cir. 2020)).)  But on May 8, 2024, Sana released ***no news*** about ARDENT.  (MTD at 2, 5, 13.)  That is neither a revelation of fraud nor a materialization of the risk.  (MTD at 13.)  And on November 4, 2024, Sana announced via press release that, although the "[e]arly clinical data with [its] hypoimmune platform (HIP) suggest HIP-modified cells evade immune detection", it would halt ARDENT and continue GLEAM due to "increased competition within blood cancers and uncertainty about the best path to regulatory and commercial success" to "reduce [its] cash burn".  (Dkt. 36, Ex. 14

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 8

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001     (212) 474-1000

(11/4/2024 Press Release).)  That did not correct any earlier misstatement or omission but, instead, affirmed Sana's view that the ARDENT data demonstrated immune evasion.  That is a view with which the analysts cited by Plaintiffs agreed—and one that Sana **again affirmed** in the Article. (MTD at 13-14); *see supra* § II.A.

An article that became public over 9 months after the putative class period (and 9 months after the purported corrective disclosures) does not impact the loss causation inquiry before the Court.  The redline between the PSAC and FAC shows this starkly—there are no proposed changes to Plaintiffs' loss causation allegations.  (Dkt. 41, Ex. 1 ¶¶ 158-66.)  Indeed, the Article undermines Plaintiffs' theory because it shows that Defendants **stand by** (rather than have corrected) the data and interpretations Plaintiffs allege were fraudulent.  *Supra* § II.A; *Espy v. J2 Glob., Inc.*, 99 F.4th 527, 540 (9th Cir. 2024) (explaining that corrective disclosures "occur when information correcting the misstatement or omission that is the basis for the action is disseminated to the market") (citation omitted).  The PSAC would therefore be a futile amendment as to loss causation, which alone is a sufficient basis for dismissal.

**D.  Amendment Is Futile To Cure Deficiencies in Plaintiffs' Scienter Allegations**

Plaintiffs' proposed amendment is likewise futile as to scienter.  As explained in Defendants' MTD, the FAC falls far short of raising a strong inference that Defendants acted with an intent to "deceive, manipulate, or defraud" or with "deliberate recklessness".  (MTD at 14.)  Plaintiffs fail to identify any information known to Defendants that renders any alleged statement false when made.  (MTD at 9, 14.)  Plaintiffs try to rely on the little-used core operations theory and generic profit motive, in the form of the need to raise capital.  (FAC ¶¶ 152-56.)  But controlling Ninth Circuit authority rules out both of those arguments.  Core operations theory requires "'either specific admissions by one or more corporate executives of [their] detailed involvement' . . . or 'witness accounts demonstrating that executives had actual involvement in creating false reports'", none of which are alleged in the FAC.  (MTD at 15 (quoting *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014)).)  And allegations of a motive to get funding are, as a matter of law, insufficient to establish scienter.  (MTD at 15

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 9

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

(citing *Sorrento Therapeutics*, 97 F.4th 634).)  That is especially so where Sana routinely disclosed how much cash it was spending (MTD at 12), and warned of the risk that it could run out of funds. (MTD at 3.)

The PSAC does not cure these deficiencies.  Plaintiffs try to argue that the amendment adequately alleges scienter because the Article shows that Defendants had data that materially contradicts their statements.[6]  (Mot. at 7.)  But that argument fails because, as explained above, the peer-reviewed Article, authored not by only Sana senior executives, but by a range of senior, midlevel, and junior employees, and an outside consultant, is consistent with and in fact reinforces Defendants' statements.  *See supra* § II.A.  The steadiness of Sana's interpretation of the ARDENT results, during the putative class period as well as after in the peer-reviewed Article, is far more consistent with innocent explanations than an intent to deceive.  *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 999-1000 (9th Cir. 2009) (affirming dismissal of a complaint for failing to create "an inference of scienter more cogent or compelling than an alternative innocent inference") (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007)).  The PSAC does not add any core-operations style allegations.  Nor does it add any allegations that rise to more than ordinary profit motive.

In sum, the PSAC adds nothing to Plaintiffs' scienter allegations and is therefore futile.

---

[6] Plaintiffs do not purport to rely on their additional expert allegations to show scienter.  Nor could they.  To use an expert allegation to establish scienter, "the expert's opinion must (1) be described with sufficient particularity to establish the expert's reliability and personal knowledge; and (2) themselves be indicative of scienter".  *Chen v. Lyft*, 762 F. Supp. 3d 909, 919 (N.D. Cal. 2015).  *See also Harr v. Ampio Pharms.*, No. CV-1503474-TJHPJWX, 2016 WL 6920682, at *2 (C.D. Cal. Aug. 4, 2016) (similar).  Here, Plaintiffs' expert allegations relate to how long SC291 must persist in the body to be an effective treatment, how B-cells in the bloodstream indicate a lack of CAR T cells, and how tests for antibodies are early signs of B-cell recovery.  (PSAC ¶¶ 71, 75-76, 79, 93.)  These allegations, which Defendants accept solely for purposes of this motion, say nothing of whether Defendants' statements of facts and opinions about early-stage ARDENT data were made with intent to defraud.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 10

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001      (212) 474-1000

**E. Amendment Is Futile as It Does Not Cure Deficiencies in Establishing Control Person Claim**

Nothing in the PSAC changes Defendants' argument that Plaintiffs' § 20(a) control person claim fails because Plaintiffs fail to allege a § 10(b) violation. (Dkt. 35 at 15 (citing *Zucco Partners*, 552 F.3d 990 (9th Cir. 2009)).)

## III.    CONCLUSION

For the reasons set forth above, Plaintiffs' motion for leave to amend their complaint should be denied and the FAC should be dismissed with prejudice.

OPP. TO MOT. FOR
LEAVE TO AMEND COMPLAINT
(2:25-cv-00512-BJR) – Page 11

CRAVATH, SWAINE & MOORE LLP
Two Manhattan West; 375 Ninth Avenue
New York, NY 10001    (212) 474-1000

Dated: January 20, 2026                    CRAVATH, SWAINE & MOORE LLP


                                           */s/ J. Wesley Earnhardt*
                                           J. Wesley Earnhardt (admitted *pro hac vice*)
                                           Keith R. Hummel (admitted *pro hac vice*)
                                           Daniel Slifkin (admitted *pro hac vice*)
                                           Ming-Toy Taylor (admitted *pro hac vice*)
                                           Two Manhattan West
                                           375 Ninth Avenue
                                           New York, NY 10001
                                           (212) 474-1000
                                           khummel@cravath.com
                                           dslifkin@cravath.com
                                           wearnhardt@cravath.com
                                           mtaylor@cravath.com

                                           McNAUL EBEL NAWROT & HELGREN PLLC

                                           */s/ Daniel M. Weiskopf*
                                           Daniel M. Weiskopf, WSBA No. 44941
                                           600 University Street, Suite 2700
                                           Seattle, WA 98101
                                           (206) 467-1816
                                           dweiskopf@mcnaul.com

                                           *Attorneys for the Defendants*

OPP. TO MOT. FOR                           CRAVATH, SWAINE & MOORE LLP
LEAVE TO AMEND COMPLAINT                   Two Manhattan West; 375 Ninth Avenue
(2:25-cv-00512-BJR) – Page 12              New York, NY 10001      (212) 474-1000